**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

OLGA MESWADI and SALAH
MESWADI,
           **Plaintiffs,**

v.                                                    Case No:  6:14-cv-1674-Orl-28GJK

JEH JOHNSON, SECRETARY,
DEPARTMENT OF HOMELAND
SECURITY; LEON RODRIGUEZ,
DIRECTOR, CITIZENSHIP AND
IMMIGRATION SERVICES; RUTH
DOROCHOFF, DISTRICT DIRECTOR,
CITIZENSHIP & IMMIGRATION
SERVICES, TAMPA, FLORIDA; and
WARREN JANSSEN, FIELD OFFICE
DIRECTOR, CITIZENSHIP AND
IMMIGRATION SERVICES,
           **Defendants.**

## ORDER

After United States Citizenship and Immigration Services ("USCIS") denied their Form I-130 Petition and Form I-485 Application, Plaintiffs initiated this case on October 15, 2014, by filing a Complaint for Issuance of Writ Mandamus (Doc. 1).  Then, on January 13, 2015, Plaintiffs filed an Amended Complaint for Review under the Administrative Procedure Act and Issuance of Writ of Mandamus (Doc. 12).  Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) or for a more definite statement, (see Doc. 13), and in response to that motion Plaintiffs clarified that they were seeking review under the Administrative Procedure Act, (see Doc. 14 at 3).

While Defendants' 12(b)(6) motion to dismiss (Doc. 13) was under advisement, Defendants filed a Motion to Dismiss for Lack of Su[b]ject Matter Jurisdiction (Doc. 15), noting that on February 3, 2015, USCIS had reopened Plaintiffs' cases and asserting that

this Court no longer has subject-matter jurisdiction due to the reopened agency decisionmaking process. Plaintiffs have filed a Response (Doc. 17) in which they request that they be allowed to amend their complaint. However, Plaintiffs also state in the Response that "[t]he government has now reopened the Form I-130 and thus negated this Court's jurisdiction to conduct . . . review" of the denial of the Form-130. (Doc. 17 at 4). Plaintiffs ask that this Court keep "ongoing jurisdiction over this matter," (id.), "to ensure timely consideration of the issues that are now pending before the agency," (id. at 5).

The Court is not unsympathetic to Plaintiffs' frustrations and desire for a speedy adjudication by the agency of the reopened applications. However, as acknowledged by Plaintiffs, the Court no longer has subject matter jurisdiction to review the initial denial, which no longer constitutes "final agency action." The matter is once again before the agency, and Plaintiffs will not be granted leave to amend their complaint.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiffs' Motion for Leave to Amend Complaint (Doc. 17) is **DENIED**.

2. The Motion to Dismiss for Lack of Jurisdiction (Doc. 15) filed by Defendants is **GRANTED**. This case is **dismissed** for lack of subject matter jurisdiction.

3. All other pending motions are deemed **moot**.

4. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida, on February ___11___, 2015.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

2